IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK B.,

    *Plaintiff,*

vs.

ANDREW SAUL, Commissioner of Social Security,

    *Defendant.*

Case No. 18-1333-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 26). Counsel seeks the amount of $14,872.40. For the reasons stated below, the Court grants Plaintiff's motion and awards $14,827.40 in reasonable attorney's fees.

### I.  Background

Plaintiff, proceeding pro se, filed a Complaint in this Court appealing the administrative decision denying him social security benefits. In late December 2018, Plaintiff hired counsel to prosecute his claim for social security benefits. They entered into a contingent-fee arrangement for 25% of all retroactive benefits. On May 29, 2019, this Court granted Defendant's Unopposed Motion to Reverse and Remand for Further Administrative Proceedings. On September 18, 2019, this Court approved an order for attorney's fees under the Equal Access Justice Act ("EAJA") in the amount of $5,872.20.

On remand, the Commissioner awarded Plaintiff total retroactive benefits of $59,489.60 and withheld twenty-five percent, $14,872.40, for attorney's fees. Plaintiff's hearing level representative fee of $6,000 has already been paid from this amount. Thus, the total amount of funds available from the Commissioner is $8,872.40.

Plaintiff's counsel now seeks attorney's fees in the amount of $14,872.40. Defendant states that Plaintiff's counsel does not acknowledge that he has a duty to refund the EAJA fees. Defendant, however, does not object to Plaintiff's counsel's agreement with Plaintiff that EAJA fees may be used to offset the § 406(b) award. Defendant also takes no position on counsel's fee request but defers to the Court's discretion on the reasonableness of the award.

## II.     Legal Standard

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits."[1] This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where a plaintiff eventually is awarded past-due benefits.[2] The amount of a fee award under § 406(b) is committed to the Court's sound discretion.[3]

---

[1] "The [SSA] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id*. (citations omitted).

[2] *Id.* at 503.

[3] *Id.* at 505 (citation omitted); *see also Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (explaining that "a district court enjoys considerable discretion in the setting of a fee award for work done before it").

In determining whether a contingent-fee agreement produces reasonable results or whether the fee award should be reduced, the Supreme Court has directed courts to consider several factors, specifically: (1) the character of the representation and whether the results it achieved were substandard; (2) whether the attorney was responsible for delay that caused benefits to accrue during the pendency of the case; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.[4]  The Supreme Court noted that "the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate."[5]  "If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."[6]

### III.    Analysis

Applying the factors described above, the Court concludes that the requested fee of $14,872.40 is reasonable.  Counsel achieved a favorable result and was not responsible for any delay in the case.  Plaintiff received an award of $59,489.60.  Counsel seeks attorney's fees in the amount of $14,872.40 which represent 25% of that award, and counsel has a contingency fee contract with Plaintiff entitling counsel to 25% of Plaintiff's award.  $8,872.40 remains available from the Commissioner due to the Commissioner already paying $6,000 to the hearing level representative.  Plaintiff's counsel seeks to retain the $5,872.20 in EAJA fees to achieve the 25% fee award allowed for by the Court and pursuant to their contingency fee agreement.[7]  In sum, the

---

[4] *Gisbrecht*, 535 U.S. at 808 (citations omitted).

[5] *Robbins v. Barnhart*, 2007 WL 675654, at *2 (D. Kan. 2007) (citing *Gisbrecht*, 535 U.S. at 808).

[6] *McGraw*, 450 F.3d at 497–98 (citing *Gisbrecht*, 535 U.S. at 796; *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)).

[7] The agreement between Plaintiff and Plaintiff's counsel states "Claimant expressly authorizes Attorney to apply the EAJA payment described herein toward any unpaid balance of the fee awarded by the Court."  Doc. 26-1 at

Court finds the attorney fee request reasonable and in accordance with the contingency fee agreement. Thus, the Court grants Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) is **GRANTED**. Plaintiff's attorney is entitled to $14,872.40 in attorney's fees. The Commissioner shall pay the fees from the amount which he is withholding from Plaintiff's past-due benefits. The Commissioner shall pay the remainder of the withheld benefits to Plaintiff. Plaintiff's counsel shall refund to Plaintiff the EAJA fees he received in the amount of $5,872.20 unless Plaintiff previously contractually agreed to apply the EAJA fee payment to any balance owed to Plaintiff's counsel.

**IT IS SO ORDERED**.

Dated this 1st day of December, 2020.

                                                ERIC F. MELGREN
                                                UNITED STATES DISTRICT JUDGE

---

2. Defendant does not object to Plaintiff's counsel's agreement with Plaintiff that EAJA funds may be used to offset the § 406(b) award.